UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY R. QUAIR, SR.,<br><br>             Plaintiff,<br><br>     v.<br><br>DAVE ROBINSON, et al.,<br><br>             Defendants. | Case No.  1:21-cv-01214-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR LEAVE TO AMEND BE DENIED<br><br>(ECF No. 6)<br><br><u>FOURTEEN (14) DAY DEADLINE</u><br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 6)<br><br>ORDER DIRECTING CLERK TO RANDOMLY ASSIGN A DISTRICT JUDGE |

Plaintiff Sammy R. Quair, Sr. ("Plaintiff") is an inmate proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**I.     BACKGROUND**

On August 11, 2021, Plaintiff filed the complaint commencing this action. (ECF No. 1.) Plaintiff alleges claims related to Kings County Jail's COVID-19 protocols. (*See id.*) The complaint is currently awaiting screening.

On September 6, 2021, Plaintiff filed a motion requesting leave to amend his complaint in order to plead a class action. (ECF No. 6.) According to the motion, Plaintiff has "submitted his

tablet pin [number]" to the Court for investigation regarding the COVID-19 rules violation(s) in the Kings County Jail. (*Id.* at 1.) Plaintiff has also submitted his pin number to "Department of Justices" in Philadelphia, Pennsylvania, Sacramento, California, and Fresno, California, to investigate 135 grievances Plaintiff has filed since 2019. (*Id.* at 1-2.)

In his motion, Plaintiff explains that he seeks leave to amend because he "has not seen any changes in the 'quarantine' section(s) of the jail and the rise of covid 19 and more inmates have contracted covid 19 in this jail and [Plaintiff] has not seen medical for further covid 19 testings as [Plaintiff's] last test was negative." (ECF No. 6 at 2.)

Plaintiff requests that he be appointed counsel "based on the severe nature of a 'global pandemic' covid 19." (ECF No. 6 at 2.) Plaintiff also requests that he be granted leave to amend "to correct any errors, flaws or mistakes in the initial filings" of the case and to add two Kings County Jail detainees as plaintiffs in this case. (*Id.* at 2-3.) One individual, Roul Rodriguez, caught COVID-19 while in custody at the Kings County Jail due to not sanitizing quarantine pods and was hospitalized. (*Id.* at 3.) Brian Sharp caught COVID-19 two times while in custody and was assaulted by staff while deathly sick and pleading for help. (*Id.* at 3.) Plaintiff "was moved from C2 #7 to ad-seg for 'retaliation' in C6 #52" and the cell was not sanitized accordingly by sheriff's deputy Mr. Van Ness when forewarned that Plaintiff has valley fever and hepatitis C and contracting Covid-19 can possibly kill Plaintiff at the age of 51 years old. (*Id.*) Plaintiff also seeks to increase his damages request from $1.5 million to $3.5 million. (*Id.*)

## II.  DISCUSSION

### A.  Motion to Appoint Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525.

///

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. The complaint is currently awaiting screening and the Court is unable to make a determination at this time that Plaintiff is likely to succeed on the merits of his claims. Additionally, there is no indication that Plaintiff is unable to adequately articulate his claims.

Plaintiff is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

### B.     Motion for Leave to Amend

Courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see also Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008). "However, liberality in granting leave to amend is subject to several limitations. Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citations and internal quotation marks omitted); *see also Waldrip*, 548 F.3d at 732.

The Court will recommend that Plaintiff's motion for leave to amend be denied because amendment would be futile. Plaintiff states that he seeks leave to amend in order to include class action allegations. However, Plaintiff is not entitled to file a class action lawsuit, or assert claims on behalf of anyone except himself, because he is appearing *pro se*. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity") (citing cases); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"). Plaintiff may only represent himself *pro se* (without a lawyer), not others. Therefore, the Court finds that

amendment would be futile and recommends denying the motion.

Plaintiff also requests that he be granted leave to correct any mistakes in the complaint. However, the complaint is currently awaiting screening. Once the Court has screened the complaint, Plaintiff will be given options on how to proceed, including the ability to amend his complaint to fix any deficiencies in the allegations if appropriate.

### III.     CONCLUSION, ORDER, AND RECOMMENDATIONS

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to appoint counsel (ECF No. 6) is DENIED; and
2. The Clerk of Court is directed to randomly assign a District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that Plaintiff's motion for leave to amend the complaint (ECF No. 6) be DENIED.

These findings and recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B). Within fourteen (14) days after service of the findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **September 15, 2021**              /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE