\

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY R. QUAIR, SR.,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVE ROBINSON, et al.,<br><br>        Defendants. | Case No. 1:21-cv-01214-DAD-EPG<br><br>ORDER GRANTING PLAINITFF'S MOTION REQUESTING A THIRTY-DAY EXTENSION<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE SUPPLEMENTAL BRIEFING IN SUPPORT OF HIS REQUEST RE: PAPERS AND SUPPLIES<br><br>THIRTY (30) DAY DEADLINE<br><br>(ECF No. 10) |

      Plaintiff Sammy R. Quair, Sr. ("Plaintiff") is a pretrial detainee[1] proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

      Before the Court is Plaintiff's motion requesting a thirty-day extension of time to respond to the Court's screening order issued September 24, 2021. (ECF Nos. 9, 10.) Plaintiff also requests orders directing the Kings County Jail law librarian to deliver any requested papers and supplies to him personally and instructing Kings County Jail staff to stop opening and photocopying his legal mail.[2] (ECF No. 10 at 4.) For the following reasons, the Court will grant

---

[1] Plaintiff's complaint does not state if he is a pretrial detainee or sentenced prisoner. Given that Plaintiff is incarcerated at Kings County Jail, the Court assumes that Plaintiff is a pretrial detainee.

[2] Plaintiff also requests an order directing the Kings County Jail mental health office to bring him in for another evaluation. (*See* ECF No. 10 at 4.) The Court will address this request separately following issuance of this order.

1

Plaintiff's request for an extension. The Court will also grant Plaintiff leave to file supplemental briefing in support of his request regarding his papers, supplies, and legal mail.

## I.    PLAINTIFF'S MOTION

On September 24, 2021, the Court entered a screening order finding Plaintiff's complaint sufficiently states a claim to proceed past the screening stage for unconstitutional conditions of confinement in violation of the Fourteenth Amendment against Defendant Dave Robinson and Does 1 through 10, but fails to state any other claims. (ECF No. 9.) The Court gave Plaintiff thirty days to either file a First Amended Complaint, notify the Court that he wants to proceed on the Eighth Amendment claim found cognizable, or notify the Court that he wishes to stand on his complaint. (*Id.*)

Plaintiff's motion explains that he needs more time to respond to the screening order because Kings County Jail is retaliating against him and throwing away his papers and supplies. (ECF No. 10.) According to Plaintiff,

> . . . because of 'conspiracy theory retaliation,' 'Quair's' papers to and from are being thrown away and if this honorable court sees my tablet request forms to law library on pin no: 5050325-707070 you will see my many request slips and the surveillances you will discovery that the law librarian Mrs. Morris is either sending me my requested papers and items and the officers are throwing away my supplies, or Sgt. Morris is ignoring my requests. I will be amending Sgt. Morris to my retaliation lawsuit because I have informed her to track my supplies to me to find out who is throwing away my supplies.

(ECF No. 10 at 2-3.) Additionally, unidentified individuals are opening and photocopying his mail. (*Id.* at 4.) Plaintiff claims this is because "line #28 is ½ photocopied and your court does not make mistakes like that." (*Id.*)

Plaintiff requests, in relevant part: 1) a thirty-day extension of time to respond to the screening order; 2) an order instructing the Kings County Jail librarian to start hand delivering requested items to him personally; and 4) an order requiring Kings County Jail staff to stop opening and photocopying Plaintiff's legal mail. (ECF No. 10 at 3-4.)

///
///
///

2

## II.  EXTENSION REQUEST

Having considered the motion, the Court will grant Plaintiff's request for a thirty-day extension of time to respond to the screening order. If Plaintiff requests any further extensions of time to respond to the screening order due to the Kings County Jail not providing him with legal supplies, Plaintiff should identify each request he has made for supplies and the response from the jail, if any.[3]

## III.  PAPERS, SUPPLIES, AND LEGAL MAIL

### A.  Legal Standards

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) (footnote and citations omitted).

"Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action." *Hammler v. Haas*, 2019 U.S. Dist. LEXIS 48377, *3-4 (E.D. Cal., Mar. 22, 2019). *See also Mitchell v. Haviland*, 2015 U.S. Dist. LEXIS 109106, *5 (E.D. Cal., Aug. 18, 2015) ("Use of the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case"); *Lopez v. Cook*, 2014 U.S. Dist. LEXIS 52198, 2014 WL 1488518 (E.D. Cal., Apr. 15, 2014) (issuing an order under the All Writs Act requiring prison officials to provide Plaintiff, who was in the Segregated Housing Unit for non-disciplinary reasons, with two contact visits with his counsel). However, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and

---

[3] While Plaintiff states that he plans to amend his retaliation claim to add allegations regarding the Kings County Jail law librarian, Sgt. Morris, it is not clear if Plaintiff intends to amend the complaint in this case or in one of his other pending cases. (*See* ECF No. 10.) Plaintiff is reminded that he cannot proceed on unrelated claims against different defendants in a single action, and unrelated claims should be filed as separate case(s). Fed. R. Civ. P. 18(a), 20(a)(2). (*See* ECF No. 9 at 9-10.)

3

exigent circumstances," and only "if the legal rights at issue are indisputably clear." *Brown v. Gilmore*, 533 U.S. 1301, 1303 (2001) (citations and internal quotation marks omitted).

**B.     Discussion**

Plaintiff requests an order instructing the Kings County Jail librarian to start hand delivering requested items to him personally. (ECF No. 10 at 4.) Plaintiff also requests an order directing Kings County Jail staff to stop opening and photocopying his legal mail. (*Id.*) The Court construes these as requests for orders under the All Writs Act.

It is not clear from the motion whether the items that are being thrown away are legal supplies and papers. Additionally, Plaintiff's motion does not establish that the destruction of his property or the interference with his legal mail is preventing him from prosecuting *this* case.

The Court will thus allow Plaintiff thirty days to file supplemental briefing in support of his requests for orders directing the Kings County Jail law librarian to deliver papers and supplies to him directly and requiring Kings County Jail staff to stop opening and copying his legal mail. Plaintiff may refer to the legal standards above in preparing his supplemental brief. Plaintiff should address whether the items being thrown away are legal supplies and papers. Plaintiff should also explain how the destruction of his property and interference with his legal mail is impeding his ability to litigate this action.

**IV.    CONCLUSION AND ORDER**

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to respond to the Court's screening order (ECF No. 10) is GRANTED;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
    a. File a First Amended Complaint;
    b. Notify the Court in writing that he wishes to proceed only on his claim for unconstitutional conditions of confinement in violation of the Fourteenth Amendment against Defendant Dave Robinson and Does 1 through 10, who were correctional officers at the Kings County Jail from June 14, 2021 through the present with duties to clean the facility; or

4

   c. Notify the Court in writing that he wants to stand on this complaint; and

3. Within thirty (30) days from the date of service of this order, Plaintiff may file supplemental briefing in support of his requests for an order directing the Kings County Jail law librarian to deliver requested papers and supplies to Plaintiff directly and for an order directing Kings County Jail staff to stop opening and photocopying his legal mail

IT IS SO ORDERED.

Dated: **November 3, 2021**　　　　　　　/s/ *Erica P. Grosjean*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

5