UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY R. QUAIR, SR., | Case No. 1:21-cv-01214-DAD-EPG (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF RE: THE KINGS COUNTY JAIL MENTAL HEALTH OFFICE BE DENIED |
| v. | |
| DAVE ROBINSON, et al., | |
| Defendants. | FOURTEEN (14) DAY DEADLINE |
| | (ECF No. 10) |

Plaintiff Sammy R. Quair, Sr. ("Plaintiff") is a pretrial detainee[1] proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 29, 2021, Plaintiff filed a motion which, among other things, requested an order directing the Kings County Jail mental health office to bring him in for an evaluation. (ECF No. 10 at 4; *see also* ECF No. 11.) Plaintiff explains that he is suffering from depression and is seeing the mental health office for medication but it is not working. (ECF No. 10 at 3.) Plaintiff puts in slips with the mental health office and receives nothing in response. (*Id.* at 5.)

The Court construes Plaintiff's request as a motion for injunctive relief. For the following reasons, the Court will recommend that Plaintiff's request be denied.

///

---

[1] Plaintiff's complaint does not state if he is a pretrial detainee or sentenced prisoner. Given that Plaintiff is incarcerated at Kings County Jail, the Court assumes that Plaintiff is a pretrial detainee.

1

### I.   LEGAL STANDARDS

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011).

///

///

## II.     DISCUSSION

Plaintiff's request for an order requiring the Kings County Jail mental health office to bring him in for another mental health evaluation is unrelated to this case. The Court's screening order found that Plaintiff has stated a claim for unconstitutional conditions of confinement in violation of the Fourteenth Amendment against Defendant Dave Robinson and Does 1 through 10 for screening purposes, but that Plaintiff failed to state any other cognizable claims. (*See* ECF No. 9.) None of the allegations in Plaintiff's complaint relate to the Kings County Jail mental health office's treatment or failure to respond to his requests for treatment. (*See* ECF No. 1.) Plaintiff is not entitled to an injunction in this action based on his allegations that are unrelated to his underlying claim(s). *Pac. Radiation Oncology*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). If Plaintiff believes his civil rights have been violated, he should file a separate action.

Accordingly, the Court will recommend that Plaintiff's motion for injunctive relief be denied.

## I.     CONCLUSION AND RECOMMENDATION

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's request for an order directing the Kings County Jail mental health office to evaluate him (ECF No. 10), construed as a motion for injunctive relief, be DENIED.

///
///
///
///
///
///
///
///
///

3

These findings and recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B). Within fourteen (14) days after service of the findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 5, 2021**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE