1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   SAMMY R. QUAIR, SR.,                      Case No.  1:21-cv-01214-DAD-EPG

12              Plaintiff,                      FINDINGS AND RECOMMENDATIONS
                                                RECOMMENDING THAT PLAINTIFF'S
13        v.                                    MOTION FOR AN ORDER UNDER THE
                                                ALL WRITS ACT BE DENIED
14   DAVE ROBINSON, et al.,
                                                (ECF Nos. 10, 11.)
15              Defendants.
                                                OBJECTIONS, IF ANY, DUE WITHIN
16                                              TWENTY-ONE DAYS

17
         Plaintiff Sammy R. Quair, Sr. ("Plaintiff") is a pretrial detainee proceeding *pro se* and *in*
18
     *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is
19
     Plaintiff's motion for an order under the All Writs Act. (ECF No. 10.) For the following reasons,
20
     the Court recommends that Plaintiff's motion be denied.
21
         **I.      PLAINTIFF'S MOTION**
22
         On September 24, 2021, the Court entered a screening order finding Plaintiff's complaint
23
     sufficiently states a claim to proceed past the screening stage for unconstitutional conditions of
24
     confinement in violation of the Fourteenth Amendment against Defendant Dave Robinson and
25
     Does 1 through 10, but fails to state any other claims. (ECF No. 9.) The Court gave Plaintiff thirty
26
     days to either file a First Amended Complaint, notify the Court that he wants to proceed on the
27
     Eighth Amendment claim found cognizable, or notify the Court that he wishes to stand on his
28
                                                1

complaint. (*Id.*)

On October 29, 2021, Plaintiff filed his motion requesting an extension of time to respond to the screening order. (ECF No. 10.) According to Plaintiff,

> . . . because of 'conspiracy theory retaliation,' 'Quair's' papers to and from are being thrown away and if this honorable court sees my tablet request forms to law library on pin no: 5050325-707070 you will see my many request slips and the surveillances you will discovery that the law librarian Mrs. Morris is either sending me my requested papers and items and the officers are throwing away my supplies, or Sgt. Morris is ignoring my requests. I will be amending Sgt. Morris to my retaliation lawsuit because I have informed her to track my supplies to me to find out who is throwing away my supplies.

(ECF No. 10 at 2-3.) Additionally, unidentified individuals are opening and photocopying his mail. (*Id.* at 4.) Plaintiff claims this is because "line #28 is ½ photocopied and your court does not make mistakes like that." (*Id.*) Plaintiff requests, in relevant part, an order instructing the Kings County Jail librarian to start hand delivering requested items to him personally; and 4) an order requiring Kings County Jail staff to stop opening and photocopying Plaintiff's legal mail. (ECF No. 10 at 3-4.)

On November 3, 2021, the Court entered an order construing Plaintiff's motion as requesting an order under the All Writs Act, and granted Plaintiff leave to file supplemental briefing within thirty (30) days. (ECF No. 11.) The Court's order was mail-served by Plaintiff on November 3, 2021. To date, Plaintiff has not filed any supplemental briefing in support of his All Writs Act request.

## II.    LEGAL STANDARDS

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) (footnote and citations omitted).

"Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-

2

1    party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending

2    action." *Hammler v. Haas*, 2019 U.S. Dist. LEXIS 48377, *3-4 (E.D. Cal., Mar. 22, 2019). *See*

3    *also Mitchell v. Haviland*, 2015 U.S. Dist. LEXIS 109106, *5 (E.D. Cal., Aug. 18, 2015) ("Use of

4    the All Writs Act is appropriate in cases where prison officials, not named as defendants,

5    allegedly have taken action that impedes a prisoner's ability to litigate his case"); *Lopez v. Cook*,

6    2014 U.S. Dist. LEXIS 52198, 2014 WL 1488518 (E.D. Cal., Apr. 15, 2014) (issuing an order

7    under the All Writs Act requiring prison officials to provide Plaintiff, who was in the Segregated

8    Housing Unit for non-disciplinary reasons, with two contact visits with his counsel). However,

9    "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and

10   exigent circumstances," and only "if the legal rights at issue are indisputably clear." *Brown v.*

11   *Gilmore*, 533 U.S. 1301, 1303 (2001) (citations and internal quotation marks omitted).

12        **III.     DISCUSSION**

13        The Court recommends denial of Plaintiff's motion because Plaintiff has failed to show

14   that staff at the Kings County Jail are impeding him from litigating this action.

15        To begin, while Plaintiff alleges that he is being retaliated against for prosecuting this

16   case, Plaintiff has submitted no evidence to support this assertion.[1]

17        As to Plaintiff's allegations regarding his property, Plaintiff does not state whether the

18   items that are being thrown away are legal supplies and papers. Additionally, Plaintiff's motion

19   does not establish that the destruction of his property or the interference with his legal mail is

20   preventing him from prosecuting this case. Notably, Plaintiff has filed numerous motions since

21   this case was filed. (*See, e.g.,* ECF Nos. 6, 10, 13, 16-19.) Thus, it appears that Plaintiff has some

22   access to supplies.

23        Injunctive relief under the All Writs Act is to be used sparingly and only in the most

24   critical and exigent circumstances. Plaintiff has not shown that such circumstances exist here. As

25   there is no indication that Plaintiff is being prevented from litigating this action, his motion for an

26   order under the All Writs Act should be denied.

27

28        [1] If Plaintiff believes his civil rights are being violated by staff at Monterey County Jail,
     he may file a separate action against those defendants.

1    **IV.    CONCLUSION AND RECOMMENDATION**

2        Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's

3    motion for an order under the All Writs Act (ECF No. 10) be denied.

4        These findings and recommendations are submitted to the United States District Judge

5    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one

6    (21) days after being served with these findings and recommendations, plaintiff may file written

7    objections with the court.  Such a document should be captioned "Objections to Magistrate

8    Judge's Findings and Recommendations."  Failure to file objections within the specified time may

9    result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir.

10   2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

11

     IT IS SO ORDERED.
12

13       Dated:   **January 24, 2022**              /s/ *Erica P. Grosjean*

14                                         UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         4