1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    SAMMY R. QUAIR, SR.,                    Case No.  1:21-cv-01214-DAD-EPG (PC)

12                  Plaintiff,                ORDER GRANTING IN PART AND
                                              DENYING IN PART PLAINTIFF'S
13         v.                                 REQUEST FOR AN EXTENSION AND
                                              DENYING PLAINTIFF'S REQUESTS FOR
14    DAVE ROBINSON, et al.,                  CONSOLIDATION, LEAVE TO AMEND,
                                              APPOINTMENT OF COUNSEL, AND A
15                  Defendants.               SETTLEMENT CONFERENCE

16                                            (ECF Nos. 16, 17, 18, 19)

17                                            FOURTEEN (14) DAY DEADLINE

18
            Plaintiff Sammy R. Quair, Sr. ("Plaintiff") is a pretrial detainee proceeding *pro se* and *in*
19
*forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are four
20
motions filed by Plaintiff seeking various relief, including consolidation, appointment of counsel,
21
leave to amend the complaint, transfer to another jail,[1] an extension, and a settlement conference.
22
(ECF Nos. 16-19.)
23
      **I.      BACKGROUND**
24
            Plaintiff filed the complaint commencing this action on August 11, 2021. (ECF No. 1).
25
The complaint brings claims concerning COVID-19 and the unsanitary cells at Kings County Jail.
26
(*Id.*)
27
_____

28    [1] The Court construes Plaintiff's request for a transfer as a request for injunctive relief, which will be addressed
separately by findings and recommendations.

                                              1

On September 6, 2021, while the complaint was awaiting screening, Plaintiff filed a motion requesting appointment of counsel. (ECF No. 6.) On September 16, 2021, the Court entered an order denying the request to appoint counsel. (ECF No. 8.)[2]

On September 24, 2021, the Court entered a screening order finding that the complaint sufficiently stated a cognizable claim for unconstitutional conditions of confinement in violation of the Fourteenth Amendment against Defendant Dave Robinson and Does 1 through 10, who were correctional officers at the Kings County Jail from June 14, 2021 through the present with duties to clean the facility. (ECF No. 9.) The Court found that the complaint failed to state any other cognizable claims. (*Id.*) Plaintiff was given thirty days to either file a First Amended Complaint, notify the Court that he wishes to proceed only on the Fourteenth Amendment claim, or notify the Court that he wishes to stand on his complaint. (*Id.* at 12.)

On October 29, 2021, Plaintiff filed a motion requesting an extension of time to respond to the September 24, 2021 screening order, because Kings County Jail staff are retaliating against him. (ECF No. 10.)[3] The Court granted Plaintiff an additional thirty days to respond to the screening order. (ECF No. 11.)

On November 5, 2021, Plaintiff filed a "Request for Settlement Conference and 60 Day Extension/Consolidation." (ECF No. 13.) On November 12, 2021, the Court entered an order addressing Plaintiff's filing, noting that Plaintiff's request discussed a number of issues and it was not clear to the Court what is being requested. (ECF No. 15.) Additionally, several issues were addressed in the Court's prior orders and findings and recommendations. (*Id.*) Nonetheless, the

[2] Plaintiff's motion also requested leave to amend in order to plead a class action. (ECF No. 6.) On September 16, 2021, the Court also entered findings and recommendations recommending that the motion for leave to amend be denied. (ECF No. 8.) On November 9, 2021, District Judge Dale A. Drozd entered an order adopting the findings and recommendations in full. (ECF No. 14.)

[3] Plaintiff also requested an order directing the Kings County Jail law librarian and staff to stop interfering with his papers, supplies, and legal mail, as well as an order directing the Kings County Jail mental health office to bring Plaintiff in for another evaluation. (*Id.*) The Court construed Plaintiff's request regarding his papers, supplies, and legal mail as arising under the All Writs Act and granted Plaintiff leave to file supplemental briefing. (ECF No. 11.) Plaintiff did not file any supplemental briefing and, on January 24, 2021, the Court entered findings and recommendations recommending that this request be denied. (ECF No. 21.) The Court also issued findings and recommendations recommending that Plaintiff's request for an order directing the Kings County Jail mental health office to evaluate him be denied, and District Judge Drozd has entered an order adopting those findings and recommendations in full. (ECF Nos. 12, 20.)

1    Court addressed Plaintiff's extension request and noted that Plaintiff did not identify the deadline

2    he was seeking to extend. (*Id.*) In an abundance of caution, the Court granted Plaintiff an

3    additional forty-five days to respond to the screening order. (*Id.* at 2.) The Court denied Plaintiff's

4    request that this case be consolidated with *Quair v. Commander Thomas, et al.*, Case No. 1:21-

5    cv-01397-SKO; *Quair v. Quintero*, Case No. 1:21-cv-01407-GSA; and *Quair v. Lieutenant*

6    *Collier*, Case No. 1:21-cv-01474-HBK, because Plaintiff had not established that the cases

7    involved common questions of law or fact. (*Id* at 2-3.) The Court also denied Plaintiff's requests

8    for a settlement conference and for consolidation. (*Id.*)

9       **II.      PLAINTIFF'S MOTIONS**

10       On January 7, 2022, Plaintiff filed four motions requesting various relief. (ECF Nos. 16-

11   19.)

12       Plaintiff's first motion is titled "TO MOTION THIS HONORABLE COURT FOR

13   ERROR CASE; SAMMY QUAIR V. QUINTERO 1:21-CV-01407-GSA NOT BE

14   CONSOLIDATED TO THE ABOVE." (ECF No. 16.) Plaintiff explains that he previously

15   requested that Case No. 1:21-cv-01407-AWI-GSA (PC) be consolidated with this case "as a sister

16   and sister, subject to consolidation for a retaliation theory." Plaintiff made an error because

17   "Officer 'Quintero' did not retaliate after the 'quarantine' lawsuit, initiated in 2021." (ECF No. 16

18   at 2.) Plaintiff believes that Officer Quintero retaliated against him a 2019 lawsuit, *Quair v.*

19   *Board of Supervisors,* Case No. 1:19-cv-00993-DAD-BAM, which Plaintiff refers to as the

20   "syringe case." (*Id.*)

21       Plaintiff's second motion, titled "MOTION FOR THE COURT REQUESTING

22   'CONSOLIDATION' OF PRIOR RELEVANT CASES OF 'CONSPIRED' RETALIATION,"

23   states that Plaintiff "has prior related civil rights action(s) that were denied legal procedure for the

24   3 strikes law for civil legal procedures(s), and federal rules." (ECF No. 17 at 1.) At least 75

25   percent or more of jail officials are not complying with the Sheriff and State of California's rules,

26   regulations, and procedures, and Plaintiff "will suffer the same % or more of retaliation, because

27   it all started off as 'unprofessional." (*Id.* at 2.) Plaintiff lacks sufficient funds to purse the

28   retaliation lawsuits and should not be denied justice when money and justice are two separate

3

1   issues. (*Id.*) Plaintiff requests that the following cases be consolidated with this case: *Quair v.*

2   *Quintero,* Case No. 1:21-cv-01407-GSA (PC); *Quair v. Thomas,* Case No. 1:21-cv-01397-SKO

3   (PC); *Quair v. L.T. Collier,* Case No. 1:21-cv-01474-HBK (PC). (*Id.* at 3.) According to the

4   motion, "[a]ll three cases mentioned above occurred after the 'quarantine lawsuit." (*Id.*) Plaintiff

5   requests that these cases be consolidated "because they show a conspired retaliation and justice so

6   requires to prevent the further evils in this jail[.]" (*Id.*)

7        Plaintiff also requests leave to amend his complaint to include a RICO act claim against

8   "'Portugese [sic] Mafia' who are jail officials here in Kings County Jail and Chinese Mafia with

9   two new defendants[.]" (ECF No. 17 at 4.) Plaintiff has attempted to resolve the issues with

10  Sheriff Dave Robinson on three separate occasions to no avail. (*Id.*) Plaintiff has been poisoned

11  and his medication has been switched illegally. (*Id.*) Plaintiff has "about 6 months left for release

12  with no probation or parole" and in light of the retaliation Plaintiff requests an early release from

13  custody or a transfer to another jail that will not retaliate against him. (*Id.*) Plaintiff is Prop 47

14  qualified and has submitted several requests for an ankle monitor. (*Id.*) Jail officials are

15  attempting to kill Plaintiff. (*Id.*) Line 28 of the Court's orders is not showing up on Plaintiff's

16  documents or is half printed. (*Id.*) Plaintiff requests that the Court send the D.O.J. to investigate at

17  the Kings County Jail to "to find the printing machine that prints 28 ½ there. Either your machine

18  is not showing Line 28 or the Jail is printing copies 'illegally' and giving me the copy and not

19  showing line # 28." (*Id.* at 5.) Plaintiff requests one hundred million dollars be awarded to him, a

20  mandatory jury trial, and that "R.I.C.O. act be imposed." (*Id.*) Plaintiff further requests that he be

21  appointed an attorney and "another 45 day extension based on the legal issues/retaliation herein."

22  (*Id.*)

23       Plaintiff's third motion is titled "MOTION FOR THIS HONORABLE COURT TO

24  CONISDER A 'SETTLEMENT CONFERENCE' ON KINGS COUNTY JAIL

25  DEFENDANTS." (ECF No. 18.) Plaintiff again references a 2019 lawsuit concerning a syringe,

26  which Plaintiff states was dismissed, and requests consolidation of this case with *Quair v. Collier*

27  and *Quair v. Thomas*. (*Id.*) Plaintiff requests a settlement conference in those cases and in *Quair*

28  *v. Vento, et al.,* Case No. 1:14-cv-01616-AWI-BAM; *Quair v. Board of Supervisors,* Case No.

1:19-cv-00902-DAD; *Quair v. Board of Supervisors,* Case No. 1:19-cv-00992-DAD-BAM; and *Quair v. Quentero,* Case No. 1:21-cv-01407-AWI-GSA. (*Id.* at 2.) If a settlement conference is held, Plaintiff is willing to close all lawsuits against Kings County and all grievances in his tablet in exchange for one hundred million dollars. (*Id.*) Alternatively, Plaintiff requests that the Court appoint counsel to represent him in all cases. (*Id.* at 2-3.) Plaintiff demands a jury trial and, if the case goes to trial, will seek two hundred and fifty million dollars "due to all the jury hastle [sic]." (*Id.* at 3.) Plaintiff requests "1) lie detector 2.) law enforcement hypnotics and 3). Law enforcement psychics as well." (*Id.*)

Plaintiff's fourth motion is titled "MOTION OF REQUEST FOR A SEPARATE (45) FORTY FIVE DAY EXTENSION, OR PROCEEDINGS BE PUT ON HOLD." (ECF No. 19.) Plaintiff requests either a 45-day extension or that "all further proceedings be put on hold pending investigation of consolidating" this case with *Quair v. Thomas,* Case No. 1:21-cv-01397-SKO, and *Quair v. Collier,* Case No. 1:21-cv-01474-HBK. (*Id.* at 1-2.) Plaintiff has never been to suicide watch in his life but, "after tampering with medication, 'Quair' went to suicide watch. (*Id.* at 2.) Plaintiff "has no strikes (felonies) on his record and is Proposition 47 eligible to go to a drug/alcohol rehab." (*Id.*) Plaintiff has made multiple requests to be released to a program to no avail. (*Id.*) Plaintiff has to see mental health "for the conspired retaliation psychological abuse that has ken its toll on [Plaintiff] to the point of nightmares of bad experiences with the law enforcement officials[.]" (*Id.*) Plaintiff has never assaulted staff. There has to be some other alternative than allowing Plaintiff to remain suffering retaliation in the jail. (*Id.*) Plaintiff has six months left to finish his sentence "to no parole or probation. Imminint [sic] danger speaks volumes here, please read the other 2021 law suits." (*Id.*)

### III. DISCUSSION

Plaintiff's four motions filed on January 4, 2021 are unclear, address a number of unrelated issues, and do not clearly state what is being requested or the legal and factual bases for Plaintiff's requests. Additionally, many of Plaintiff's requests appear to have been previously addressed by the Court.

The Court will address the following issues that appear to be raised in Plaintiff's motions.

1   However, excessive or repeated filings that are frivolous, legally unreasonable, or lack a factual

2   basis impose an unnecessary burden on the Court. Plaintiff is therefore cautioned that future

3   frivolous and unreasonable filings may result in the imposition of sanctions, including dismissal

4   of this action. *See* Fed. R. Civ. P. 11; *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th

5   Cir. 2021) (citing *Roadway Exp.*, 477 U.S. at 766).

6      **A. Consolidation**

7         Plaintiff requests that the Court consolidate this case with *Quair v. Commander Thomas,*

8   *et al.,* Case No. 1:21-cv-01397-SKO; *Quair v. Quintero,* Case No. 1:21-cv-01407-GSA; and

9   *Quair v. Lieutenant Collier*, Case No. 1:21-cv-01474-HBK.

10        Federal Rule of Civil Procedure 42(a) provides:

11            If actions before the court involve a common question of law or fact, the
              court may:

12            (1)   join for hearing or trial any or all matters at issue in the
              actions;

13            (2)   consolidate the actions; or

14            (3)   issue any other orders to avoid unnecessary cost or delay.

15   Fed. R. Civ. P. 42(a).

16        The decision of whether to consolidate cases under Rule 42 is within the broad discretion

17   of the Court. *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) ("A district court

18   generally has 'broad' discretion to consolidate actions."). In determining whether to consolidate

19   actions, the court weighs the interest of judicial convenience against the potential for delay,

20   confusion, and prejudice caused by consolidation. *Southwest Marine, Inc., v. Triple A. Mach.*

21   *Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

22        The Court will again deny Plaintiff's request for consolidation. As with Plaintiff's first

23   motion for consolidation, Plaintiff has not established that this case and his other cases involve

24   common questions of law or fact. The Court's initial review of the complaints in the respective

25   cases indicates that these cases do not involve the same or similar parties, claims, events, or

26   issues. Therefore, there does not appear to be any judicial convenience resulting from

27   consolidation.[4]

28   _____
     [4] To the extent Plaintiff's motions were intended to seek reconsideration of the Court's prior order denying Plaintiff's

**B. Extension**

Although two of Plaintiff's motions request a 45-day extension, Plaintiff does not specify the deadline he is seeking to extend. (*See* ECF Nos. 17, 19.) The Court construes Plaintiff's motions as requesting an extension of the deadline to respond to the September 24, 2021 screening order.

The Court previously granted Plaintiff two extensions of thirty and forty-five days, respectively, to respond to the Court's September 24, 2021 screening order. (*See* ECF Nos. 11, 15.) Here, Plaintiff states that he seeks an extension until after the Court rules on his motion to consolidate this case with three other cases Plaintiff has brought against Kings County Jail staff. (ECF No. 19.) However, the Court previously denied Plaintiff's motion for consolidation. (ECF No. 15). Additionally, as discussed above, Plaintiff again has not shown any basis for consolidating this case with the other listed cases. Thus, the Court finds that Plaintiff has not established good cause for a further extension of this deadline.[5] However, in an abundance of caution as the previous deadline has lapsed, the Court will allow Plaintiff to file his response to the screening order within fourteen (14) days of service of this order.

**C. Amendment**

Plaintiff appears to seek leave to amend to add a retaliation claim, a RICO claim, and two new defendants. However, the Court's screening order granted Plaintiff leave to file an amended complaint. (ECF No. 9.) As Plaintiff currently already has permission to file an amended complaint, the Court will deny Plaintiff's request for leave to amend as moot.

As the Court advised Plaintiff in the screening order, Plaintiff may not proceed on a

---

request for consolidation, the Court declines to reconsider its order. A motion for reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. AC & S, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999). Plaintiff has failed to set forth facts or law that shows that he meets any of the above-mentioned reasons for granting reconsideration. Although Plaintiff states that he made an error and Officer Quintero retaliated against him for a 2019 case, rather than this case, that fact is not material and the Court did not rely on it in its order. Further, the fact that Officer Quintero allegedly retaliated against Plaintiff based on an unrelated case only bolsters the Court's conclusion that these cases are not based on common questions of law or fact.

[5] Plaintiff alternatively requests a stay of all proceedings. (*See* ECF No. 19.) As the Court has denied the request to consolidate, the Court will likewise deny Plaintiff's request for a stay.

myriad of unrelated claims against different defendants in a single action. Fed. R. Civ. P. 18(a), 20(a)(2). Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *K'napp v. California Dept. of Corrections*, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), *aff'd sub nom.*, 599 Fed. App'x. 791 (9th Cir. 2015) (alteration in original) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) ("Persons … may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.").

Although it is not clear from the motions, some of the claims Plaintiff seeks to add to this case may be unrelated to the claims in the complaint concerning the COVID-19 protocols at the Kings County Jail. Plaintiff may proceed on related claims in compliance with Federal Rules of Civil Procedure 18 and 20. If Plaintiff wishes to proceed on any unrelated claims, he should file separate case(s).

**D. Settlement Conference**

Plaintiff requests that the Court set a settlement conference. As the Court has previously explained to Plaintiff, this case is still at the screening stage and the defendants have not yet been served. (*See* ECF No. 15.) Therefore, the Court will again deny Plaintiff's request for a settlement conference.

**E. Appointment of Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request

1  the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525.

2       Without a reasonable method of securing and compensating counsel, the Court will seek

3  volunteer counsel only in the most serious and exceptional cases. In determining whether

4  "exceptional circumstances exist, the district court must evaluate both the likelihood of success of

5  the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

6  complexity of the legal issues involved." *Rand*, 113 F.3d at 1525. (internal quotation marks and

7  citations omitted).

8       The Court will not order appointment of pro bono counsel at this time. The complaint is

9  currently awaiting screening and the Court is unable to determine at this time that Plaintiff is

10  likely to succeed on the merits of his claims. Additionally, there is no indication that Plaintiff is

11  unable to adequately articulate his claims. Plaintiff is not precluded from renewing his motion for

12  appointment of pro bono counsel at a later stage of the proceedings.

13       **F.  Copies of Documents**

14       In his motions, Plaintiff states that he has received copies of documents from the Court

15  that are either missing line 28 or are partially obscured at line 28. It is not clear which of the

16  Court's orders are affected by this issue. If the documents Plaintiff receive from the Court are

17  illegible, he may file a motion requesting a new copy. While Plaintiff does not have a right to free

18  copies of documents, the Court will consider such requests on a limited, case-by-case basis. Any

19  such motion must specifically identify the order at issue and the basis for the request, including

20  which portion(s) of the order Plaintiff is unable to read.

21       **IV.   CONCLUSION AND ORDER**

22       Accordingly, IT IS HEREBY ORDERED that:

23       1.  Plaintiff's request for an extension (ECF Nos. 17, 19) is granted in part and denied in

24            part;

25       2.  Within fourteen (14) days from the date of service of this order, Plaintiff shall either:

26            a.  File a First Amended Complaint;

27            b.  Notify the Court in writing that he wishes to proceed only on his claim for

28                 unconstitutional conditions of confinement in violation of the Fourteenth

9

Amendment against Defendant Dave Robinson and Does 1 through 10, who were correctional officers at the Kings County Jail from June 14, 2021 through the present with duties to clean the facility; or

   c.  Notify the Court in writing that he wants to stand on this complaint; and

3.  Plaintiff's requests for consolidation, a stay, leave to amend, a settlement conference, and appointment of counsel (ECF Nos. 16, 17, 18, 19) are denied.

IT IS SO ORDERED.

Dated:   **January 25, 2022**          /s/ _Erica P. Grosjean_

                                    UNITED STATES MAGISTRATE JUDGE