UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY R. QUAIR, SR., <br><br> Plaintiff, <br><br> v. <br><br> DAVE ROBINSON, et al., <br><br> Defendants. | Case No. 1:21-cv-01214-DAD-EPG (PC) <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED <br><br> (ECF No. 17) <br><br> OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

Plaintiff Sammy R. Quair, Sr. ("Plaintiff") is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion requesting an order transferring him to another jail or granting him early release from custody, and requesting that the Court order the D.O.J. to investigate the Kings County Jail. (ECF No. 17.) For the following reasons, the Court will recommend that Plaintiff's motion be denied.

**I.     BACKGROUND**

**A.     Plaintiff's Complaint**

Plaintiff filed the complaint commencing this action on August 11, 2021. (ECF No. 1). The complaint brings claims concerning COVID-19 and the unsanitary cells at Kings County Jail. (*Id.*)

1

On September 24, 2021, the Court entered a screening order finding that the complaint sufficiently stated a cognizable claim for unconstitutional conditions of confinement in violation of the Fourteenth Amendment against Defendant Dave Robinson and Does 1 through 10, who were correctional officers at the Kings County Jail from June 14, 2021 through the present with duties to clean the facility. (ECF No. 9.) The Court found that the complaint failed to state any other cognizable claims. (*Id.*) Plaintiff was given thirty days to either file a First Amended Complaint, notify the Court that he wishes to proceed only on the Fourteenth Amendment claim, or notify the Court that he wishes to stand on his complaint. (*Id.* at 12.) Plaintiff has filed three requests for extensions of time to respond to the screening order but has not yet filed an amended complaint or notice pursuant to the Court's order. (*See* ECF Nos. 10-11, 13, 15-19.)

### B. Plaintiff's Motion

On January 7, 2022, Plaintiff filed a motion which, among other things, states that Plaintiff has been poisoned and his medication has been switched illegally. (ECF No. 17.) Plaintiff has "about 6 months left for release with no probation or parole" and, due to retaliation from Kings County Jail staff, Plaintiff requests an early release from custody or a transfer to another jail that will not retaliate against him. (*Id.*) Plaintiff is Prop 47 qualified and has submitted several requests for an ankle monitor. (*Id.*) Jail officials are attempting to kill Plaintiff. (*Id.*) Line 28 of the Court's orders is not showing up on Plaintiff's documents or is half printed. (*Id.*) Plaintiff requests that the Court send the D.O.J. to investigate at the Kings County Jail to "to find the printing machine that prints 28 ½ there. Either your machine is not showing Line 28 or the Jail is printing copies 'illegally' and giving me the copy and not showing line # 28." (*Id.* at 5.)

## II.   LEGAL STANDARDS

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g.,*

*Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011).

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) (footnote and citations omitted).

"Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending

action." *Hammler v. Haas*, 2019 U.S. Dist. LEXIS 48377, *3-4 (E.D. Cal., Mar. 22, 2019). *See also Mitchell v. Haviland*, 2015 U.S. Dist. LEXIS 109106, *5 (E.D. Cal., Aug. 18, 2015) ("Use of the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case"); *Lopez v. Cook*, 2014 U.S. Dist. LEXIS 52198, 2014 WL 1488518 (E.D. Cal., Apr. 15, 2014) (issuing an order under the All Writs Act requiring prison officials to provide Plaintiff, who was in the Segregated Housing Unit for non-disciplinary reasons, with two contact visits with his counsel). However, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear." *Brown v. Gilmore*, 533 U.S. 1301, 1303 (2001) (citations and internal quotation marks omitted).

**1. DISCUSSION**

The Court will recommend that Plaintiff's motion be denied.

As an initial matter, Plaintiff's motion for injunctive relief does not state why Kings County Jail staff are retaliating against him.[1] Thus, it is not clear if Plaintiff's request is related to the claims in the complaint concerning COVID-19 and the unsanitary cells at Kings County Jail. Plaintiff is not entitled to injunctive relief that is unrelated to the claims in this action. *Pac. Radiation Oncology*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Plaintiff has not shown that he faces irreparable harm if injunctive relief is not granted. While Plaintiff generally states that he has being retaliated against, he does not submit any evidence of a specific threat of irreparable harm. *See Perez v. Diaz,* 2019 WL 3229622, at *3 (E.D. Cal. July 18, 2019), *report and recommendation adopted,* 2019 WL 3986657 (E.D. Cal. Aug. 22, 2019) ("Generalized allegations of past incidents of violence fail to show that plaintiff . . . faces imminent harm.").

Plaintiff also has not established that he is likely to succeed on the merits. Notably, this case is still at the screening stage. Further, Plaintiff does not submit any declarations, witness

---

[1] Plaintiff filed another motion the same day as his motion for injunctive relief indicating that one Kings County Jail staff member, Quintero, is retaliating against Plaintiff for a 2019 lawsuit. (*See* ECF No. 16.) It is not clear if the allegations of retaliation in the instant motion are also related to the 2019 lawsuit.

statements, or other evidence establishing that the Kings County Jail violated Plaintiff's constitutional rights as alleged in the complaint.

Plaintiff likewise fails to show the balance of equities supports injunctive relief. Specifically, Plaintiff has not shown that the equities favor this Court interfering with a jail classification decision. *See Jimenez v. Diaz*, 2019 WL 5541372, at *4 (E.D. Cal. Oct. 28, 2019), *report and recommendation adopted*, 2020 WL 1911570 (E.D. Cal. Apr. 20, 2020) ("Prison administration is a difficult and onerous task and courts have traditionally accorded a large degree of deference in cases involving the administration of state penal institutions.") (citation omitted); *Turner v. Safley*, 482 U.S. 78, 85 (1987) (noting that the government is afforded widest latitude in cases involving the administration of state prisons).

Finally, Plaintiff has failed to show that relief under the All Writs Act is appropriate. Plaintiff has not demonstrated that the staff at Kings County Jail are impeding him from litigating this action.[2] Relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances. Plaintiff has not shown that such circumstances exist here.

Accordingly, the Court will recommend that Plaintiff's motion for injunctive relief be denied.

## 2. CONCLUSION AND RECOMMENDATION

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motions for injunctive relief (ECF No. 17) be DENIED.

///
///
///
///
///
///
///

---

[2] If the orders Plaintiff receives from the Court are illegible, he may file a motion requesting a new copy. Plaintiff generally does not have a right to free copies of documents, but the Court will consider such requests on a limited, case-by-case basis. Any such motion must specifically identify the order at issue and the basis for the request, including which portion(s) of the order Plaintiff is unable to read.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 25, 2022**         /s/ Erica P. Grosjean
                                                                 UNITED STATES MAGISTRATE JUDGE