UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY R. QUAIR,<br><br>    Plaintiff,<br><br>v.<br><br>DAVE ROBINSON, et al.,<br><br>    Defendants. | Case No. 1:21-cv-01214-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE DUE TO PLAINTIFF'S FALURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF No. 9)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff Sammy R. Quair, Sr. ("Plaintiff") is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. For the following reasons, the Court recommends that this case be dismissed without prejudice for failure to prosecute and failure to comply with a court order.

**I.  BACKGROUND**

Plaintiff filed the complaint commencing this action on August 11, 2021. (ECF No. 1). The complaint brings claims against Sheriff Dave Robinson, Well Path (Medical), Commander Mrs. Thomas, Lieutenant T. Day, Lieutenant Mrs. Long, Mr. Tolbert, Mr. Wilson, Mrs. Putnam, Mrs. Fry, and multiple Jane and Jon Does concerning COVID-19 and the unsanitary cells at Kings County Jail. (*Id.*)

On September 24, 2021, the Court entered a screening order finding that the complaint sufficiently stated a cognizable claim for unconstitutional conditions of confinement in

violation of the Fourteenth Amendment against Defendant Dave Robinson and Does 1 through 10, who were correctional officers at the Kings County Jail from June 14, 2021 through the present with duties to clean the facility. (ECF No. 9.) The Court found that the complaint failed to state any other cognizable claims. (*Id.*) Plaintiff was given thirty days to either file a First Amended Complaint, notify the Court that he wishes to proceed only on the Fourteenth Amendment claim, or notify the Court that he wishes to stand on his complaint. (*Id.* at 12.)

On October 29, 2021, Plaintiff filed his first request for a thirty-day extension of time to respond to the September 24, 2021 screening order. (ECF No. 10.) The Court granted Plaintiff's request on November 3, 2021. (ECF No. 11.) On November 5, 2021, Plaintiff filed his second request for an extension of time to respond to the screening order. (ECF No. 13.) On November 12, 2021, the Court entered an order granting the request and extending Plaintiff's response deadline by an additional 45 days. (ECF No. 15.)  On January 7, 2022, and January 10, 2022, Plaintiff filed two additional extension requests, but did not specify the deadline he was seeking to extend. (ECF Nos. 17, 19.) The Court construed Plaintiff's motions as seeking to extend his deadline to respond to the screening order and entered an order on January 25, 2022, finding that Plaintiff failed to establish good cause for a further extension. (ECF No. 22.) However, because the response deadline had lapsed, the Court allowed Plaintiff an additional fourteen days to respond to the screening order. (*Id.*) The Court's order was served on Plaintiff by mail on January 25, 2022.

Plaintiff's response to the screening order was due on February 11, 2022. To date, Plaintiff has not filed an amended complaint, notified the Court that he wishes to proceed only on the Fourteenth Amendment claim, or notified the Court that he wishes to stand on his complaint. Thus, fur the reasons described below, the Court recommends that this action be dismissed, without prejudice, for Plaintiff's failure to state a claim upon which relief may be granted, failure to comply with a court order, and failure to prosecute.

Plaintiff may file objections to these findings and recommendations within fourteen days from the date of service of this order.

## II. DISCUSSION

In determining whether to dismiss [an action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Pagtalunan,* 291 F.3d at 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Pagtalunan,* 291 F.3d at 642. Plaintiff failed to respond to the Court's screening order. This failure has, and continues to, delay this case and interfere with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan,* 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with court orders and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's orders, despite being warned that it may be dismissed, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's incarceration and *in forma pauperis* status, it appears that monetary sanctions are of little use. And given the stage of these proceedings, the

preclusion of evidence or witnesses is not available.

Although the Court has discretion to recommend dismissal with prejudice, given the Court's finding that the complaint stated a cognizable Fourteenth Amendment claim, the Court will recommend dismissal without prejudice. Because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

### III.     CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This case be dismissed, without prejudice, due to Plaintiff's failure to comply with court orders and to prosecute this case; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 1, 2022**                              /s/ Erica P. Grosjean
                                                                        UNITED STATES MAGISTRATE JUDGE